UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARREL J. SINGLETON, JR., ET AL.**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 15-5558**

**FIELDWOOD ENERGY, LLC, ET AL.**                       **SECTION I**

## ORDER & REASONS

The Court has pending before it a motion[1] to exclude expert testimony filed by defendant, Fieldwood Energy, LLC ("Fieldwood"). Plaintiffs, Darrel J. Singleton, Jr. ("Singleton") and Kewanna Singleton, oppose the motion,[2] and Fieldwood filed a reply.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Singleton filed this lawsuit after he slipped and fell "due to oil or other foreign substance on the premises" during the course of his work on a Fieldwood platform, alleging that Fieldwood's negligence injured him.[4] As Singleton elaborated at his deposition, on a windy day he was instructed to "put a skillet in" a pipe that still contained some oil.[5] Plaintiff was instructed to catch the leaking oil in a bucket while standing on a pipe; the "[o]il flew everywhere, made a big mess," and Singleton slipped and fell off the pipe.[6]

---

[1] R. Doc. No. 39.
[2] R. Doc. No. 41.
[3] R. Doc. No. 49.
[4] R. Doc. No. 2, at 2.
[5] R. Doc. No. 39-3, at 2-3.
[6] *See* R. Doc. No. 39-3, at 3-6.

Plaintiffs have retained Mr. Robert E. Borison ("Borison") as an expert witness. Borison reviewed Singleton's deposition and other materials in forming the following opinion, which the Court quotes verbatim from his report:

> OPINION No. 1
> PROCEDURE PROBLEM
> FIELDWOOD ENERGY, CHAPMAN CONSULTING AND/OR THE PERSON IN CHARGE'S FAILURE TO FOLLOW THE JOB SAFETY ANALYSIS AND GENERALLY ACCEPTED INDUSTRY SAFE PRACTICES: As the most knowledgeable individual on the platform concerning the platform's piping and pressure and fluid control, Mr. Glenn Guillory, the Person In Charge of the platform, or his designated operator, was responsible to make sure that the oil and gas lines carrying pressure, that where [sic] being worked on that day, where [sic] bleed [sic] down and emptied of any pressure, oil or other liquid that could create a slipping or pollution hazard. Mr. Mr. [sic] Singleton and Mr. Perkins followed appropriate safety procedures when the [sic] stopped work and inform [sic] Mr. Mobley that the flange was leaking oil. Mr. Mobley handed Mr. Singleton a bucket and informed him to carry on with the work. Mr. Singleton testified that the wind was blowing the oil all over the platform and was difficult to contain in the bucket.
> Mr. Michael Alcina, the Company Man and Mr. Mr. [sic] Bryan Mobley, the job supervisor were responsible to make sure that Mr. Guillory performed his duties concerning making sure that the lines had no pressure and no fluids in them. It appears that all three men failed to perform their duties not just initially, but again for the second time after Mr. Singleton and Mr. Perkins informed them that the pipe was leaking.
> If for whatever reason the line could not have been emptied of all fluid, then a scaffolding should have been erected to provide the workers a safe platform to work from as they attempted to catch the leaking oil from this piping.[7]

Fieldwood now moves to exclude Borison's opinions.

## LAW AND ANALYSIS

**A.    Standard of Law**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993); *United States v.*

---

[7]R. Doc. No. 39-2, at 5.

*Hitt*, 473 F.3d 146, 148 (5th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)). Additionally, Rule 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Hicks*, 389 F.3d at 524; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (discussing witnesses whose expertise is based purely on experience). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*; *see Daubert*, 509 U.S. at 596.

*Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004);

*see Kumho Tire*, 526 U.S. at 147.

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'"). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note).

**B.    Analysis**

    **1.)    Relevance**

First, Fieldwood contends that Borison's opinions should be excluded as unhelpful because the trier of fact needs only common sense to decide the factual questions in this case.[8] Singleton disagrees.[9]

Having reviewed the parties' briefing and the applicable law, the Court finds that the facts of this case are at least marginally more complicated than the run-of-the-mill slip and fall cases cited by Fieldwood in which expert testimony was excluded. *Compare Peters v. Five Star Marine Service*, 130 F.3d 657, 673 (5th Cir. 1990) (slip and fall on spilled diesel in rough seas); *Bouton v. Kim Susan, Inc.*, No. 96-902, 1997 WL 61450, at *1 (E.D. La. Feb. 6, 1997) (slip and fall); *Jones v. H.W.C. LTD.*, No. 01-3818, 2003 WL 42146, at *1 (E.D. La. Jan. 3, 2003) (slip and fall from an oily ladder); *Marshall v. Supreme Offshore Servs., Inc.*, 2011 WL 6258487, at *1 (E.D. La. Dec. 16, 2011) (slip and fall on a welding rod); *Roy v. Florida Marine Transp., Inc.* No. 03-1195, 2004 WL 551208, at *1 (E.D. La. Mar. 18, 2004) (fall off of a milk crate). The trier of fact may be called upon to assess matters involving job responsibilities and the chain of command on the Fieldwood platform, as well as alternative methods for completing that task that may be "less than obvious to a lay juror." *Dewitt v. Florida Marine Transp., Inc.*, 12-415, 2012 WL 6569731, at *5 (E.D. La. Dec. 17, 2012) (Africk, J.); *see also Paes v. Rowan Cos., Inc.*, No. 12-1069, 2013 WL 757646, at *4 (E.D. La. Feb. 27, 2013) (Africk, J.). Accordingly, the facts of this case may ultimately be amenable to the assistance of Borison's expert testimony. The Court will be in a better position at trial to

---

[8] R. Doc. No. 39-1, at 5-7.
[9] R. Doc. No. 41, at 6.

determine which, if any, components of Borison's opinions can appropriately supplement the jury's "common sense inquiry." *Vogler*, 352 F.3d at 156 n.5.

### 2.) Improper Legal Conclusions

Fieldwood also argues that Borison's opinions "constitute legal conclusions as to legal duty."[10] Rule 704(a) of the Federal Rules of Evidence provides: "[a]n opinion is not objectionable just because it embraces an ultimate issue." "However, Fifth Circuit case law is clear that Rule 704(a) 'does not allow a witness to give legal conclusions.'" *Shawler v. Ergon Asphalt & Emulsions, Inc.*, No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016) (Africk, J.) (quoting *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)).

The Court is not persuaded at this time that Borison has crossed the line by offering *legal* conclusions.[11] Rather, Borison offers expert opinion testimony that may assist the jury in deciding the ultimate legal question, i.e., legal fault.[12] "Depending on how the actual questions and answers are framed, such testimony . . . might or might not be objectionable—a circumstance this Court cannot predict in a vacuum." *Shell Offshore, Inc. v. Tesla Offshore, L.L.C.*, No. 13-6278, 2015 WL 5714622, at *5 (E.D. La. Sept. 28, 2015) (Africk, J.) (internal quotation marks omitted). Accordingly, the Court will be in a better position at trial to assess whether Borison in fact reaches

---

[10]R. Doc. No. 39-1, at 7.

[11]For example, Borison does not offer opinions regarding "unseaworthiness, the defendant's purported negligent conduct, and the factual and proximate causes of [Singleton's] injury," which opinions would "cross into the realm of legal conclusions which are reserved for the trier of fact." *See Shawler*, 2016 WL 1019121, at *10 (citing *In re Midland Enters., Inc.*, No. 00-3750, 2002 WL 31780156, at *3 (E.D. La. Dec. 11, 2002) (Africk, J.)).

[12]Fieldwood's reliance on *Askanase v. Fatjo* is misplaced. R. Doc. No. 39-1, at 7; R. Doc. No. 49, at 4. In that case, the Fifth Circuit affirmed exclusion of expert testimony by a lawyer regarding whether parties had "fulfilled their fiduciary duties," which was "a legal opinion and inadmissible" and "an issue for the trier of fact to decide." 130 F.3d 657, 673 (5th Cir. 1993).

legal conclusions which are properly the province of the jury, or whether he instead offers admissible opinions "calculated to suggest to the jury a particular legal conclusion." *See id.*

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Fieldwood's motion to exclude is **DENIED**.

New Orleans, Louisiana, July 21, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**